TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Glen Jagodzinski

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Glen Jagodzinski, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Strategic Student Solutions, LLC, | **1. THE TELEPHONE CONSUMER PROTECTION ACT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Glen Jagodzinski (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Strategic Student Solutions, LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.     Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is an adult individual residing in Los Angeles, California, and is a "person" as defined by 47 U.S.C. § 153(39).

5.     Defendant is a business entity located in Lake Worth, Florida, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

COMPLAINT FOR DAMAGES

7.     At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 909-XXX-8943 (hereafter "Number").

8.     Beginning in May of 2015, Defendant placed automated calls to Plaintiff's Number in an attempt to solicit business from Plaintiff.

9.     The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

10.    Plaintiff is not affiliated with Defendant and did not provide his prior express consent to receive prerecorded calls.

11.    Upon answering the calls from Defendant, Plaintiff was met with a prerecorded voice instructing him to press one (1) to speak with a live representative, or press two (2) to be removed from Defendant's calling list.

12.    On more than once occasion, Plaintiff pressed number two (2), thus electing to be removed from Defendant's calling list.

13.    Despite correctly executing Defendant's automated prompts, Defendant's calls continued.

14.    In a further effort to stop Defendant from autodialing his cellular telephone, Plaintiff contacted Defendant directly.

15.    During a live conversation with Defendant's representative, Plaintiff verbally requested that Defendant cease the calls.

3

16.     Despite Plaintiff's efforts, Defendant continued calling Plaintiff by using an artificial and prerecorded voice at an excessive and harassing rate.

17.     Defendant's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

18.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19.     The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

20.     FCC regulations promulgated under the TCPA specifically prohibit Defendant from using an ATDS and/or Robocalls to call Plaintiff's Number for the purpose of advertising or telemarketing absent Plaintiff's prior express written consent. *See* 47 C.F.R. § 64.1200(a)(2).

21.     FCC regulations promulgated under the TCPA require that Plaintiff's consent be pursuant to a written agreement, signed by the Plaintiff, which contains Plaintiff's unambiguous assent to receiving ATDS and/or Robocalls from Defendant. *See* 47 C.F.R. § 64.1200(f)(8).

4

22.     Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon answering calls from Defendant, heard a prerecorded voice instructing him to dial specific numbers to either be connected to a live representative or to be removed from Defendant's calling list.

23.     Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

24.     Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

25.     Plaintiff was harmed and suffered damages as a result of Defendant's actions.

26.     The TCPA creates a private right of action against persons who violate the Act.  *See* 47 U.S.C. § 227(b)(3).

27.     As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

28.     As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

COMPLAINT FOR DAMAGES

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

    B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

    C. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  February 26, 2016        TRINETTE G. KENT

        By:   */s/  Trinette G. Kent*
        Trinette G. Kent, Esq.
        Lemberg Law, LLC
        Attorney for Plaintiff, Glen Jagodzinski

COMPLAINT FOR DAMAGES